SHERMAN, plaintiff in error, *agt.* WHITE, defendant in error.

### Questions Discussed.

1. Did the correspondence between the parties close a contract, so that the defendant was liable upon his promissory note?

2. Was the proposition of defendant a part of the contract, which required performance on the part of the plaintiff within a reasonable time?

This was an action of assumpsit by the plaintiff (White) as the holder of the promissory note hereinafter set forth against the defendant (Sherman), as the maker thereof.

The declaration contains the common money counts, with a copy of the note annexed.

The plea is the general issue. On the trial before his honor, Daniel P. Ingraham, Esq., associate judge of the Court of Common Pleas, New York, and a jury, on the 16th day of October 1843, the plaintiff's counsel read in evidence said promissory note, the execution of which was admitted, and which is as follows:

$175·51.

Three months after date, I promise to pay Hamilton White, or order, one hundred and seventy-five dollars and fifty-one cents, with interest, value received.

New York, Aug't 15th, 1842.     A. M. SHERMAN.

*Addison M. Burt*, being sworn, proved the amount, principal and interest, to October 16th, 1843, to be $189·87. Thereupon plaintiff's counsel rested.

Defendant read in evidence, a letter from plaintiff to defendant, dated August 15, 1842, as follows:

SYRACUSE, August 15, 1842.

A. M. Sherman, Esq.

Dear Sir—Yours of the 14th is rec'd, in relation to my ctf. of sale against D. A. Sherman, in which you propose to give me your note on int., from this day, for one-half the amount, at six mos., and for the remaining half at three mos., which proposition

Sherman *agt.* White.

I will accept, and you may forward the same to me at your earliest convenience.

*Below is Statement.*

Am't of bill 24th December, 1841, ------ ------ ....    $335·86
Int. to 15th Aug't, ------ .... ------ .... .... ---- -    15·15
                                                        ————
                                                        $351·01

Very Respectfully,

HAM'L. WHITE.

P. S.    Shall I forward you, on receipt of notes, the ctf.?

The defendant then read in evidence, copies of two notes, and a copy of a letter from defendant to the plaintiff, in the words and figures following:

$175·51.

Three months after date, I promise to pay Hamilton White, or order, one hundred and seventy-five dollars and fifty-one cents, with interest, value received.

New York, Aug't 15th, 1842.        A. M. SHERMAN.

$175·50.                                          ------

Six months after date, I promise to pay Hamilton White, or order, one hundred and seventy-five dollars and fifty cents, with interest, value received.

New York, Aug't 15th, 1842.        A. M. SHERMAN.

NEW YORK, Aug't 31, 1842.

Dear Sir—I have been detained from the city by business and sickness, ever since I addressed you from Albany, until last evening; consequently, this is the earliest opportunity of answering your letter of the 15th inst., which I find was duly received at my office.    However, above I send you the two notes dated 15th Aug't, 1842, for $175·51, and $175·50; being the amount of your judgment against D. A. Sherman, with the interest to that date, which I believe is a compliance with my proposition for your judgment so far, and I believe, according to your understanding also. You will therefore be kind enough to assign judgment against D. A. Sherman, and the certificate of sale thereon, on the 24th day of December 1841, to me, duly acknowledging.

such assignment before a proper officer, and forward the same to me at this city, by mail.    Yours, truly,

A. M. SHERMAN,

H. White, Esq.                              122 Broadway, N. Y.

The counsel for the plaintiff admitted the receipt of said letter and notes, and that the note on which this suit is brought, is one of those which are mentioned in the letters read in evidence by the defendant, as above.

The defendant then called *Peter Van Antwerp*, who testified that he knew of the notes aforesaid, being put into the post office letters, directed to the plaintiff; I sealed and mailed them myself. The certificate of sale was never received by the defendant, that I know of; have been in the habit of taking from the post office letters directed to the defendant every day for a long time. Defendant went away the next day, or the second day, after the notes were sen to the plaintiff. Witness took all the defendant's letters from the post office for about three weeks afterwards; don't know of defendant's receiving any letters except what I took from the post office. Saw what I believe to be the certificate mentioned in the letters read in evidence by the defendant, in the hands of the plaintiff's attorney, since the commencement of this suit.

*Addison M. Burt*, called by the defendant, testified that he did not know whether the certificate of sale had been sent to the defendant by the plaintiff or not.

*Question.* Have you not been informed by the plaintiff that the certificate of sale had not been sent by him to the defendant till after this suit was commenced?

*Answer.* I have been informed by the plaintiff that he expected that defendant would call upon him on his way to the west, where the premises mentioned in the certificate of sale was situated, and that he had the certificate ready for him, and had not sent it to him.

The defendant here stated to witness, that he did not wish him to state what the plaintiff had communicated to him.

The plaintiff's counsel insisted that the witness should state all that the plaintiff had communicated to him.

Sherman *agt.* White.

His honor, the judge, decided that the conversation having been called out by the defendant, the witness should state the whole of it. The witness then stated that after this suit was commenced, the defendant put in a plea which was demurred to, and the demurrer sustained. From that plea I inferred that defendant objected to paying this note, because he had not received the sheriff's certificate of sale—and I then wrote to the plaintiff, stating the substance of the plea, and my supposition that he defended the suit on that account. The plaintiff sent a letter endorsing the certificate to me, saying that he had upon receipt of the defendant's notes assigned the certificate and acknowledged it, and had expected that the defendant would call for it on his way to the west, where he was expected to go respecting the property mentioned in the certificate, that he had kept the certificate to give to him when he came, and directing me if the defendant declined to pay the note because the certificate had not been sent to him, to give him the certificate and stop the suit and pay the costs, if the defendant would pay the note. I thereupon, on the 23d day of February last, offered to the defendant the certificate, and to take the amount of the note and interest without costs, and the defendant refused to receive it. The witness further testified that the certificate produced was the certificate sent to him by the plaintiff. The assignment thereon endorsed, bore date the second day of September 1842. The acknowledgement bore date the sixth day of September 1842.

The assignment and acknowledgement were then read in evidence.

The plaintiff then read in evidence a letter from the defendant to the plaintiff, dated August 14, 1842, as follows:.

COEYMANS, Aug. 14th, 1842.

H. White, Esq.

Dear Sir—My partner it seems rec'd your letter of the fourth ultimo in proper time, but did not send it into the country, as he expected me into the city daily, but my long absence has caused him to forward my letters, so that I have at last received it, and hasten to answer you as follows.

I will assume the payment of your judgment against my brother, costs, interest, &c., $335·86, on the 24th Dec. 1841, by

giving you two notes of equal am't, the first payable 3 months from the 15th inst., and the other in 6 mos., with interest from the same date; I would cheerfully name shorter periods if my other engagements afforded me any prospect of meeting them promptly, which I desire to do with the little paper which I make. I will of course include interest as a basis up to the date of my notes. If this proposition meets your views, drop me a line accordingly, and I will forward the notes immediately.

Yours, truly,

A. M. SHERMAN.

The testimony here closed.

The defendant's counsel hereupon moved the court that the plaintiff be nonsuited, and insisted that the notes in said letters mentioned, and upon one of which the present suit was brought, were given for and in consideration of an assignment of the sheriff's certificate of sale above specified, and that as that assignment had not been sent by mail, tendered or delivered, to the defendant before the commencement of said suit, there was no consideration for the note in suit.

The plaintiff's counsel insisted that he was entitled to recover under the evidence given in the cause. That the defendant's letter of August 14th, 1842, contains a distinct offer to pay, or assume the payment of plaintiff's judgment, damages, costs and expenses, by his notes; the plaintiff by letter of August 15, 1842, agrees to accept the notes of the defendant, and directs him to forward them by mail; and the minds of the parties then met. The defendant by letter of August 31st, 1842, forwards the notes in compliance with the contract, and the whole bargain was closed. There was no bargain made about the assignment of the sheriff's certificate. The plaintiff in his postscript to his letter of August 15th, 1842, after accepting the defendant's offer in the letter, asks what he shall do with the certificate. The defendant by his letter of August 31, 1842, after stating that he sent the notes in compliance with the contract, requests the plaintiff to send him an assignment of the sheriff's certificate by mail. This was a matter distinct from the bargain under which the notes were given, and concerning which the minds of the contracting

parties never met, and formed no part of the consideration of the defendant's notes.

The Court decided as follows:

The question of fact in this case involves the point whether the defendant was to receive from the plaintiff as a part of the contract between them, the assignment of the judgment and of the certificate. The defendant's letter of the 14th August does not so state the matter, but as the plaintiff's previous letter of the 4th July is not proved, we are left to ascertain its contents from the tenor of the plaintiff's letter of the 15th August, in which he treats the defendant's proposition as relating to the certificate of sale, and in which he asks, " Shall I forward you on receipt of the notes the certificate?" From these letters it is apparent that the contract did relate to the certificate, and the defendant's reply of the 31st August, requests the same to be sent by mail. It is not essential to pursue the inquiry as to the judgment, because neither certificate nor judgment were forwarded to the defendant, and if the contract embraced the certificate alone, the question would still arise, whether the plaintiff had performed his part of the contract. As the plaintiff treats the defendant's proposition as relating to the certificate, and as the defendant required the same to be sent agreeably to the plaintiff's inquiry, it seems to me that we must asssume that both parties agreed that the certificate should be sent. That it was a part of the original understanding, is presumable, from the plaintiff's letter on the subject, prior to the receipt of the notes, and the defendant's letter when he sent his notes to the plaintiff. It is true that the defendant ought to have produced the plaintiff's letter of the 4th ultimo, noticed in answer of the 14th August, but nevertheless, the plaintiff's reply of the 15th August, sufficiently evidences the fact that the defendant's proposal related to the obtaining of the certificate of sale, and that the certificate was to be the defendant's, and was to be sent to him if he so desired. The defendant did so desire simultaneously with the delivery of his notes, and if the plaintiff did not wish to do what he had himself proposed, he ought to have returned the notes to the defendant, and declined the proposition altogether. But the plaintiff insists

Sherman *agt.* White.

that the bargain was consummated by his letter of the 15th August, and that what took place afterward, although noticed in such letter, was not a part of the original contract,, and that the defendant must pay his notes, and sue the plaintiff for a breach of the new or additional agreement.   This would be so, provided we came to the conclusion that the delivery of the certificate was no part of the contract.   We, however, think that the plaintiff's letter of the 15th August, and the defendant's reply of the 31st did form a part of the original contract, so far at least as related to the delivery of the certificate by the plaintiff to the defendant.

It is not absolutely necessary to express an opinion upon the necessity of the assignment of the certificate or of the judgment, but it is clear that the certificate itself was to be delivered to the defendant; and we furthermore find that the plaintiff acknowledged the assignment of the certificate on the 2d September 1842, but did not forward it according to the defendant's directions, given in pursuance of the plaintiff's previous inquiry, so that we can not doubt that an assignment was intended of the certificate from the defendant's own acts; and we do not doubt that this must be esteemed a part of the contract, because the plaintiff's inquiry was a part of his letter accepting defendant's proposal, and the defendant's directions were a part of his letter delivering the notes and responding to plaintiff's inquiry.   So far as the directions went beyond the plaintiffs and defendant's previous letters there may be some question, but none, we think, so far as the letters agreed up to the 31st of August.   Having thus concluded that the defendant was entitled to the certificate on the delivery of the notes, and that the plaintiff promised originally to send the same, we are left to consider whether the defendant has proved a failure of consideration, by the neglect to forward him the certificate.   Looking at the testimony (fol. 9) it seems that the plaintiff even after this suit was brought, admitted that he held the certificate assigned, subject to be given to defendant when he should call for it, as the plaintiff expected, but we have no proof to justify such expectation, and can not infer it in opposition to the defendant's written request to have it sent to him by mail.   But the plaintiff after suit brought, autho і  l his attorney, if the defendant declined to pay his note,

because the certificate had not been sent to him, to give him the certificate, and stop the suit, and pay the costs, if the defendant would pay the note. This looks as if the plaintiff, although at first willing to give up the certificate and holding it subject to the defendant's call, made it afterward conditional if the defendant would pay his note    The attorney swears that he accordingly offered to .the defendant the certificate, and to take the amount of the note and interest without costs, and the defendant refused to receive it. If this means that the defendant refused to receive it, on the condition of paying the note without costs, he was legally right; or if the proposition was so made, the defendant was not bound to accede to it. It looks throughout as if the plaintiff supposed that he would hold the papers until the notes were paid; and the only evidence to the contrary is the plaintiff's declaring that he would have delivered the paper if defendant had called for it. True, the plaintiff had acknowledged the assignment, but he did not send it as both parties had agreed, nor did he send any excuse for not having so sent the same. But whatever construction this testimony may admit of, it is evident that the defendant did not receive the assignment of the certificate, nor any excuse. If this is to be likened to a contract for the purchase of land, the defendant ought to have demanded the deed. Still if it were a part of the original bargain that the certificate or deed should be sent, and it was not, can the defendant be required to pay his note. The plaintiff did not give or forward the certificate, as he had promised, and the defendant did not receive it as he expected, and desired; nor did the latter know it had been executed, and was held subject to his call; nor had he any information on the subject, even in regard to a deed for land bought. I apprehend the rules of law in cases where there is no provision on the subject would yield to the express contract of the parties; and in regard to purchases of goods or choses in action, if one purchases by letter and the things are to be sent and are not sent, the notes delivered in satisfaction could not be collected; and if one buys goods at the vendor's, and they are turned out to him, and he pays by note, I apprehend that as between the original parties to the transaction, if the vendor retained the goods contrary to his agreement, the want or failure of the consideration

Sherman *agt.* White.

of the note might be shown; and at all events the damage arising out of the same bargain or agreement might be invoked by way of recoupment against the plaintiff's right of recovery under the proper plea (6 *Wend.* 103; 1 *Hill*, 117; 3 *id.* 171). The defendant in this case pleaded the general issue only, and he must show a total failure of consideration, otherwise he must resort to a cross action. If the defendant's letter of 31st August entitled him to an assignment of the judgment and certificate, then there could be no doubt that there was a partial failure, conceding that the executing of the assignment of the certificate and holding it, was equivalent to its delivery. But such defence would not be available under the general issue. If the contract only embraced the certificate, and the judgment was not to be assigned, then the failure of consideration may have been total, because I do not think that the execution of the assignment and holding it, was equivalent to its delivery. It is apparent then that the consideration of a promissory note is always inquirable into, between the original parties (7 *Cow.* 322; 4 *Johns.* 296; 7 *id.* 26; 17 *id.* 301); and whether the defendant in this case was entitled to an assignment of both judgment and certificate, or of the latter only, he had neither prior to the commencement of this suit. It seems necessarily to result that plaintiff can not maintain this suit, because the consideration failed and that judgment of nonsuit ought to be entered, and thereupon the court directed a nonsuit to be entered; to which decision and direction the counsel for the plaintiff then and there excepted.

ALBANY, September 29th, 1846.

Sir—I have your letter of yesterday. The case of *Hamilton White* vs. *Allen M. Sherman,* was decided on the argument, in May term, 1845, and the reasons of the court were assigned orally at the time. There is no written opinion.

Respectfully, yours,

A. M. BURT, Esq.          GREENE C. BRONSON.

Judgment of Common Pleas was affirmed.

*B. Davis Noxon* for plaintiff in error.

*First.* The consideration of the note in the suit appeared from a negotiation between the parties carried on by letter. The de-

Sherman *agt.* White.

fendant's letter of the 14th of August, 1842, (*page* 17 *of Error Book*), contains a distinct offer to *assume* the payment of the plaintiff's judgment against his the defendant's brother, by giving his the defendant's notes for the amount payable on time, and stating unequivocally if the proposition met the plaintiff's views, that he would forward the notes immediately; and requesting the plaintiff to drop him a line, saying whether he would accept the proposition. The plaintiff's letter of August 15th, 1842, (*Error Book, p.* 12), accepts the proposition, and directs the defendant to forward the notes. The minds of the contracting parties here met, and the agreement was perfect; and on the 31st of August, 1842, the defendant did forward his notes to the plaintiff, stating in his letter the amounts, date, &c., and then saying " which I believe is a compliance with my proposition for your judgment so far, and I believe according to your understanding also." The defendant's contract was thus performed. He adds to his communication a request that plaintiff *would be kind enough* to assign the judgment, certificate of sale, &c. This was no part of the contract. (*Martin* v. *Frith*, 6 *Wend.* 103).

*Second.* After plaintiff's acceptance of defendant's proposition in his letter of the 15th of August, he asks in the postscript, whether he shall on receipt of notes *forward* defendant the certificate.

This was no part of the proposition, or its acceptance, and was not so considered or treated by the defendant in his letter of the 31st August.

*Third.* The defendant in his letter of the 31st August, asks as a favor, what neither party had before thought of, or at least said any thing about, namely, that plaintiff would " be kind enough to assign the judgment and the certificate of sale thereon, duly acknowledging such assignment," &c., and to forward the same by mail,—this clearly was no part of the contract.

*Fourth.* If it is not clear that the contract was made by the defendant's letter of the 14th August, and the plaintiff's answer (excluding the postscript) of the 15th August, then it was a question of fact and not of law, what the contract was, and should have been submitted to the Jury, and the court erred in nonsuiting the plaintiff.

Sherman *agt.* White.

*A. Taber,* for defendant in error.

The defendant in error was sued in the Common Pleas, on a note given for what he never had,—what never was offered to him until after he was sued,—what he never agreed, nor did the plaintiff understand him to agree to pay for until he had it. And no loss can happen to plaintiff if he fails, for defendant never had any thing, little or much, which ever belonged to him. Defendant may therefore well stand on his strict legal rights.

*First.* The sending and receipt of defendant's letter of the 14th August, 1842, and the plaintiff's reply of August 15th, did not close a contract between the parties; because,

1. Neither party in such case is bound, unless the other tenders actual performance within a reasonable time.

2. Defendant's letter related to the *payment of a judgment,* and plaintiff's to the sale of a certificate.

3. If plaintiff's proposition in his letter is to be taken as having been accepted by defendant, several of the terms of the contract were left open to future negotiation; for instance the time and manner of the assignment and delivery of the sheriff's certificate. (see *P. S.* to plaintiff's letter.)

4. Defendant's letter related to the *purchase or payment of a judgment.* Plaintiff had no judgment to sell; it was extinguished by the sale on execution.

*Second.* Plaintiff had no right to retain and prosecute the notes remitted in defendant's letter of August 31st, 1842, without performing within a reasonable time the express condition on which they were remitted. This he has not done.

*Third.* The reasoning of the Court of Common Pleas, contained in the bill of exceptions is conclusive of this cause.

Judgment affirmed, JEWETT, Ch. J. and JONES, Judge, dissented.

*Not Reported.*

NOTE.—The consideration of a promissory note is always inquirable into between the original parties (7 *Cow.* 322; 4 *Johns.* 296; 7 *id.* 26; 17 *id.* 301.) Under a plea of the general issue only, a *total* failure of consideration must be shown.

Where a negotiation was carried on by letter between the plaintiff and de-fendant, by which the defendant proposed and gave to plaintiff (at plaintiff's request), his two promissory notes, to pay the debt of defendant's brother to plaintiff, and simultaneously with the sending the notes, requested that a sheriff's certificate of sale, which plaintiff held, against the brother, and which had been a subject of negotiation previously, might be assigned and sent to him; and it appeared that plaintiff had made the following inquiry of defendant in a P. S. to one of his letters " Shall I forward you on receipt of notes the ctf?" *Held*, on a suit by plaintiff against defendant on one of the notes, that the delivery of the certificate to defendant was a part of the original contract; and that having received the notes and failing to deliver the certificate before suit brought, there was a total failure of consideration for the notes.

The execution of the assignment of the certificate and holding it, was not equivalent to its delivery.